Negar Tehrani, Esq., (SBN 292211)
Tehrani Law Firm
512 S. San Vicente Blvd., Suite 4
Los Angeles, CA 90048
Tel: (424) 777-0633
Fax: (844) 584-3444
E-mail: Negar@tehranilawfirm.com

Attorney for Plaintiff:
DOLLY KIOSEA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLY KIOSEA, individually,<br><br>    Plaintiff,<br><br>    vs.<br><br>CULVER CITY; IVAN HERNANDEZ, WILLIAM BROWN, MICHAEL VANHOOK; Culver City Chief of Police SCOTT BIXBY, individually and in his official capacity; and DOES 1 through 10,<br><br>    Defendants. | Case No.: 2:19-cv-02649<br><br>**SECOND AMENDED COMPLAINT**<br><br>1.  *Monell* Liability for Unconstitutional Custom, Policy and Practice (42 U.S.C.§ 1983)<br><br>2.  Inadequate Training-Municipal Liability (42 U.S.C.§ 1983)<br><br>3.  Intentional Infliction of Emotional Distress (State)<br><br>4.  Negligence (State)<br><br>5.  Violation of Bane Act (Cal. Civil Code §52.1)<br><br>6.  Malicious Prosecution (State)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DOLLY KIOSEA ("Plaintiff" or "Ms. Kiosea"), upon information and belief, alleges the following:

## **INTRODUCTION**

1.   This case addresses the willful and malicious misconduct of Culver City Police Department Detective Ivan Hernandez, Lieutenant William Brown, Sergeant Michael Vanhook and the misconduct of Culver City Chief of Police Scott Bixby.

2.   On January 27, 2017, Plaintiff, Dolly Kiosea was assaulted and battered by her former spouse inside the Culver City Police Department Station located at 4040 Duquesne Avenue, Culver City, CA 90232.   The incident was captured with video and audio on the station's surveillance cameras.

3.   On January 27, 2017, Plaintiff reported the battery to Culver City Police Department and requested that battery charges be filed against her former spouse who has a history of domestic violence.

4.   On January 31, 2017, Detective Hernandez interviewed Plaintiff telephonically. Detective Hernandez was adamant about not forwarding Ms. Kiosea's battery report to the Los Angeles District Attorney's Office even though the Culver City Police Department Policy manual states that "calls of reported, threatened or ongoing domestic violence…are of extreme importance and should be considered among the highest response priorities."

5.   Ms. Kiosea requested to speak with a higher officer and was referred to Sergeant Vanhook.  Ms. Kiosea informed Sergeant Vanhook that a battery had been perpetrated against her in the CCPD lobby, that she had spoken with Detective Hernandez, that she had requested his assistance in proceeding with a referral to the Los Angeles District Attorney and that Detective Hernandez was refusing to assist her and report the battery.  Sergeant Vanhook informed Ms. Kiosea that he would speak with Detective Hernandez and request that he write a report and forward the report to the Los Angeles District Attorney's office.

6.   On February 21, 2017, Detective Hernandez prepared an intentionally false report, a report which was reviewed and approved by Sergeant Vanhook and submitted to the Los Angeles District Attorney's Office for filing consideration under P.C. 148.5 against Ms. Kiosea for filing a false police report.

7.   On February 23, 2018, upon receiving a copy of Detective Hernandez's intentionally false report, Ms. Kiosea emailed Lieutenant William Brown asking for immediate correction of Detective Hernandez's Report, for the department to follow their own Domestic Violence Policies and Procedures and for Detective Hernandez to be disciplined for his willful, intentional and malicious conduct of preparing a knowingly false police report.

8.   Detective Hernandez proceeded to contact Ms. Kiosea's former spouse obtain a Knowingly false statement from him, and created a second false police report dated March 1, 2017, in which he again asks for filing consideration of PC 148.5(b) against Ms. Kiosea for filing a false police report.

9.   Detective Hernandez, Lieutenant Brown and Sergeant Vanhook intentionally refused to follow the Culver City Police Department Domestic Violence policies and procedures regarding investigations (policy number 312.4), victim assistance (policy number 312.5), dispatch assistance (policy number 312.6), verification of court orders (policy number 312.8), legal mandates and relevant laws (policy number 312.9).  Further, Detective Hernandez, Lieutenant Brown, Sergeant Vanhook and Scott Bixby intentionally refused to follow the Culver City Police Department policies regarding standards of conduct, causes for discipline, investigation operations, personnel complaints, and retaliation.

10. Despite Ms. Kiosea's numerous requests for a proper investigation and truthful accurate

police reports, on March 1, 2017, Detective Ivan Hernandez and Lieutenant William Brown served Ms. Kiosea with a letter that a criminal complaint was filed against her, based on Detective Hernandez's intentionally false reports, for violation of Section 31 of the Vehicle Code, causing Plaintiff to suffer severe emotional distress, depression, post traumatic stress disorder, incur unnecessary legal fees, endure an 8-month criminal trial proceeding, lose custody of her minor children, and be subjected to continuous harassment and domestic violence by her former spouse and abuser, inclusive of threats that he and Detective Hernandez would again file false criminal charges against her.

11. This action is brought against the participating officers, Detective Ivan Hernandez, Lieutenant William Brown, Sergeant Michael Vanhook, their employer, Culver City and Culver City Chief of Police Scott Bixby.

12. The intentionally malicious and fraudulent conduct of the officers is unconstitutional and violated clearly established laws that would have been known to any reasonable peace officer.

## **JURISDICTION AND VENUE**

13. This case arises under 42 U.S.C. § 1983.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

15. Plaintiff submitted her claim to the City of Culver City Clerk's Office on August 24, 2017.  The Claim was received by the City Attorney- Risk Management Unit for the City of Culver and returned to Ms. Kiosea on October 9, 2017.

16. Plaintiff, Dolly Kiosea, at all relevant times was a resident of the County of Los Angeles,

State of California.

**<u>DEFENDANTS</u>**

17. Defendant Culver City ("City") is a government entity that acts through individuals and to establish its policies and is capable of being sued in federal court.

18. Defendant Ivan Hernandez is a Police Officer, he was a duly authorized employee and agent of Culver City Chief of Police Scott Bixby and the City and was acting under color of law within the course and scope of his perspective duties as a Police Officer and with the complete authority and ratification of his principals, City and Scott Bixby, at the time of these claims. Defendant Hernandez is being sued in his individual capacity.

19. Defendant William Brown is a Police Officer, he was a duly authorized employee and agent of Culver City Chief of Police Scott Bixby and the City and was acting under color of law within the course and scope of his perspective duties as a Police Officer and with the complete authority and ratification of his principals, City and Scott Bixby, at the time of these claims. Defendant Brown is being sued in his individual capacity.

20. Defendant Michael Vanhook is a Police Officer, he was a duly authorized employee and agent of Culver City Chief of Police Scott Bixby and the City and was acting under color of law within the course and scope of his perspective duties as a Police Officer and with the complete authority and ratification of his principals, City and Scott Bixby, at the time of these claims. Defendant Vanhook is being sued in his individual capacity.

21. Defendant Scott Bixby is the Chief of Police for the City. He is duly appointed and is vested with policy making and enforcement authority for defendants Culver City and its Police Department.

22. Plaintiff is unaware of the true identities and capacities of defendants DOES 1 through 10

but upon information and belief, said DOES are employees of Culver City Chief of Police Scott Bixby and the City, inclusive. Each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named defendants when they are determined.

23. At all relevant times, the unknown named defendants were Officers of the Culver City Police Department and employees and agents of Culver City Chief of Police Scott Bixby and the City. Each defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other defendant. At all times herein mentioned, each and every defendant had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein. Each defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each defendant as an agent subsequently were ratified and adopted by each other defendant as principal.

24. At all times relevant to this Complaint, each defendant acted under the color of state law.

25.  Each of the individual defendants was in some way responsible for the constitutional violations alleged in this Complaint.

26. In committing the acts alleged in this Complaint, defendants acted knowingly, maliciously and with reckless or callous disregard for the constitutional rights of Plaintiff justifying an award of punitive damages under federal and California law against each individual defendant.

## FACTUAL ALLEGATIONS

27. This case addresses the willful and malicious misconduct of Culver City Police

- 6 -
COMPLAINT

Department Detective Ivan Hernandez, Lieutenant William Brown, Sergeant Michael Vanhook and the misconduct of Culver City Chief of Police Scott Bixby.

28. On January 27, 2017, Ms. Kiosea was assaulted and battered inside the Culver City Police Department station.  She filed a police report requesting that charges be brought against her abuser ex-husband who has a history of domestic violence.  Detective Ivan Hernandez intentionally and maliciously prepared a false report, intentionally refusing to follow the policies and procedures of the Culver City Police Department.

29. On February 23, 2017, upon Ms. Kiosea obtaining a copy of the police report prepared by Detective Hernandez, she requested the report be corrected, that Detective Hernandez and other officers of the Culver City Police Department follow the polices and procedures manuals, and that Detective Hernandez be disciplined for his intentional malicious misconduct.

30. On March 1, 2017, Detective Hernandez completed a second intentionally false report, again asking for criminal charges to be brought against Ms. Kiosea in retaliation for her request that a proper investigation be conducted, that his first report be corrected, and that he be disciplined for his misconduct.

31. For months, Ms. Kiosea's criminal counsel attempted to contact Lieutenant Brown and Chief Scott Bixby, calling them and sending letters asking them to comply with the Culver City Police Department Policy and Procedures Manual, to conduct a proper investigation, to correct Detective Hernandez's intentionally false reports and dismiss their unfounded, retaliatory criminal charge against Plaintiff.  They refused.

32. Ms. Kiosea was subjected to an 8 month long criminal proceeding, she suffered anxiety attacks, severe emotional distress and depression, post traumatic stress disorder, lost custody of her three minor children, incurred unnecessary legal fees, and continues to this day to be harassed,

threatened, and abused by her former spouse who continues to threaten her with making additional false reports to Detective Hernandez so that she may once again face false criminal charges, see Exhibit A.

33. Within days of the filing of the false criminal charges, Ms. Kiosea suffered an anxiety Attack, was treated at Urgent Care, and had to take a medical leave of absence from work, see Exhibit B attached.  She was further treated by a psychiatrist who noted that the charges brought by the reports prepared by Detective Hernandez caused Plaintiff to suffer anxiety attacks, depression, and post traumatic stress disorder, see attached Exhibit B.  She prescribed Plaintiff anti-depression medication and regularly consulted with her.

34. Ms. Kiosea continues to suffer anxiety, emotional distress and post traumatic stress disorder.  She has limited custody of her minor children resulting from the false charges brought against her which her abuser used against her in family court.  She fears police officers and despite being battered again by her former spouse after the January 27, 2017 incident (i.e. in June 2018) ,she is too fearful to report the abuse to the police department fearing additional retaliation and false charges.  She is further subjected to continuous and current threats by her former spouse that he will once again provide false information to Detective Hernandez and he will again bring false charges against her.

35. Ms. Kiosea was deprived of her interests protected by the Constitution or laws of the United States, and defendants caused all such deprivations while acting under the color of state law, as well violating the Fourteenth Amendment to the United States Constitution by depriving Ms. Kiosea from life and liberty without due process through their outrageous actions.

36. All acts or omissions alleged to have been engaged by any individual defendants were

committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of Ms. Kiosea.

### COUNT ONE

### MONELL LIABILITY FOR CUSTOM, POLICY AND PRACTICE (42 U.S.C. § 1983)

### (Against Defendant CULVER CITY, CULVER CITY CHIEF OF POLICE

### SCOTT BIXBY, and DOES 1-10)

37. The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

38. At all times herein mentioned the defendants Hernandez, Brown, Vanhook, and DOES 1 through 10 were employees of the City, acting under the direction and control of defendant City, Culver City Chief of Police Scott Bixby, and DOES 1 through 10. Defendants City and Scott Bixby knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourteenth Amendment to the United States Constitution by depriving Ms. Kiosea from life and liberty without due process through their outrageous actions. These customs, policies, practices and usages required and encouraged the employment, deployment and retention of persons, as peace officers, who have a propensity for violence, excessive force, dishonesty, and additional abuses of their duties as peace officers in the employment of the City and Scott Bixby.

39. Defendants City and Scott Bixby knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs alleged herein by, among other things, failing and refusing to meaningfully investigate or discipline police officers known to have repeatedly violated the constitutional rights of the public.

40. Additionally, Defendants City and Chief of Police Scott Bixby have displayed a deliberate indifference to the rights of citizens and, based upon the principles set forth in *Monell v.*

*New York City Department of Social Services*, 436 U.S. 658 (1978), they are liable for all injuries sustained by Plaintiff as set forth herein.

41. Defendants City and Scott Bixby bear liability because their policies, practices and/or customs were a cause of Plaintiff's injuries. Defendants City, Scott Bixby, and their officials maintained or permitted a policy, practice and custom of permitting, encouraging and ratifying the use of unnecessary and unreasonable force, false arrest and acting with reckless indifference to the constitutional rights of members of the public by its police officers by, among other things:

    a.  Failing to discipline officers known to have a propensity for violence, the use of unnecessary and unreasonable force, false arrest and/or dishonesty;

    b.  Continuing to assign such officers to duties where they are likely to, and indeed do, injure members of the public;

    c.  Writing false reports and giving false testimony to cover up acts of misconduct, including, but not limited to, the use of unnecessary force, false arrest and/or dishonesty by its officers and thereby conveying to them its approval and/or lack of concern about police misconduct;

    d.  Refusing to discipline adequately individual Officers and employees found to have committed similar acts of abuse and misconduct;

    e.  Refusing to investigate competently and impartially allegations of abuse and misconduct alleged to have been committed by Culver City Police Department employees, including the allegations made by Plaintiff in this case;

    f.  Planting evidence or withholding evidence in favor of the participant officers to favor the same officers' version of the police misconduct;

g.  Reprimanding, threatening, intimidating, demoting, firing and otherwise retaliating against officers who reported acts of abuse by other officers;

h.  Rewarding peace officers who displayed aggressive and abusive behavior toward detainees, arrestees, and members of the public;

i.  Condoning and participating in the practice of reducing or dismissing criminal charges against individuals in return for releasing the City and employees of the Culver City Police Department from civil liability;

j.  Condoning and encouraging officers' beliefs that they can violate the rights of persons such as the Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

k.  Promoting and/or acquiescing in the policy of stopping, detaining, questioning, and arresting members of the public without probable cause or reasonable suspicion;

l.  Sanctioning, condoning and approving a department-wide code of silence, a euphemism for perjury and dishonesty by peace officers;

m.  Ratifying by the highest levels of authority the specific unconstitutional acts alleged in this Complaint.

42. On or about February 23, 2017, and for some time prior thereto, defendants City and Culver City Chief of Police Scott Bixby knew or should have known that defendants had propensities for violence, dishonesty, and for abusing their authority but failed to discipline, and ratified, acquiesced in, authorized, or directed the violent acts and abuses of power committed by those Officers.

43. Defendants City and Culver City Chief of Police Scott Bixby established a custom or

practice in the absence of a formal policy and Plaintiff Kiosea offers the following proof of repeated incidents suggesting the pattern or practice.

    a.  In 1997 Culver City Police Department officers used excessive force and caused the death of Kenneth Wayne Callis when they chased him, beat him and hog tied him causing him to die of asphyxiation.  Attorney Carol Watson and her co-counsel Steffeny Holtz, who represented Kenneth Wayne Callis' family brought forth evidence in the form  of calls from citizens, call that were routinely ignored and kept out of internal records, and which complained about Culver City Police Department officers.  In the Callis Trial, evidence was presented that Culver City Captain Don Ruetz explained Chief Cooke's policy of encouraging "overinflated" commendations while discouraging official complaints.  "Our chief likes to have a lot of commendations to offset personnel complaints or anything negative that would happen on an officer's performance. So that if a lawsuit did come in, then the scale would kind of be in favor of the commendations and all the good work the officer did as opposed to the negative things that happened during an officer's career."

    b.  In 2010 Culver City Police Department officers shot and killed Lejoy Grissom.  The officer who shot Grissom said Grissom was reaching for a weapon.  Other officers testified that Grissom did not have anything in his hands.

    c.  In 2017 Culver City Police Department officers applied a chokehold to Terry Walton, punched him in the neck, head and back and then issued him a ticket for misdemeanor obstruction of a police officer and released him.

44. The above examples constitute not just the wrongful actions of a single City employee but numerous City Employees, Culver City Police officers and Culver City Police Department

Chiefs who are final policy makers, have policy making authority and are policy enforcers.

45. On June 9, 2017, Plaintiff's former counsel Abraham Labbad sent a letter to Chief Scott Bixby asking him for compliance with the Culver City Police Department policy manual, informing him of Ms. Kiosea's domestic violence report, further informing Chief Bixby of Detective Hernandez's two intentionally inaccurate reports, that Lieutenant Brown, Detective Hernandez's supervisor refused to instruct Hernandez to correct the reports, and that Plaintiff suffered and continues to suffer because of Detective Hernandez's and Lieutenant Brown's unlawful actions of filing a false charge against her. Mr. Labbad requested action from Chief Bixby including a review of enclosed materials, a request to provide the Los Angeles District Attorney's office with an accurate report that reflects actual facts, and a request for the Culver City Police Department to bring charges against Plaintiff's abuser.

46. Mr. Labbad received no response from Scott Bixby.

47. In June and July 2017, Plaintiff sent several letters and emails to Culver City and the Culver City City Attorney asking for their assistance with the lack of response from the Culver City Police Department and Chief of Police Scott Bixby, and asked them to investigate the department, the false reports prepared by Detective Hernandez, and Lieutenant's Brown failure to investigate her claims and assist per the Culver City Police Department's Policy and Procedure Manual.

48. Plaintiff Kiosea received no response from the Defendant City nor from the Culver City City Attorney's office.

49. On June 15, 2017, at 5:40 a.m., Mr. Labbad's office received a phone call from Lieutenant Brown.  Upon Mr. Labbad returning the call the same day to Lieutenant Brown, he was advised by Lieutenant Brown that Chief Bixby was in receipt of his June 9, 2017 letter and that neither Lieutenant Brown, Detective Hernandez, Sergeant Vanhook nor Chief Bixby would take any

steps to follow the official manual of the Culver City Police Department, to correct the intentionally false reports, to send correct information to the Los Angeles District Attorney's Office, to dismiss their false charges against Ms. Kiosea nor to further investigate Ms. Kiosea's nor Mr. Labbad's requests against Detective Hernandez or any other Culver City Police Department staff or personnel and that proceeding as such was their "policy".

50. As a direct and legal result of the aforementioned wrongful acts of each individual defendant, and the aforementioned policy, pattern, practice or custom of the City and Scott Bixby, defendants violated the rights of Ms. Kiosea guaranteed by the Fourteenth Amendment to the United States Constitution by depriving Ms. Kiosea from life and liberty without due process through their outrageous actions.

51. Defendants' acts and omissions as herein alleged proximately caused Ms. Kiosea's injuries.

52. As a direct and legal result of defendants individual and collective aforementioned acts, and the aforementioned policy, pattern, practice or custom of the City and Scott Bixby, defendants violated the rights of Ms. Kiosea guaranteed by the Fourteenth Amendment to the United States Constitution by depriving Ms. Kiosea from life and liberty without due process through their outrageous actions.

53. As a direct and legal result of defendants' acts and omissions, and the injuries caused to Ms. Kiosea, she has suffered damages, including, without limitation, medical expenses, and past and future pain and suffering, all to her general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

54. By reason of the aforementioned acts and omissions of defendants, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs described herein. As a

result, Plaintiff is indebted and liable for legal costs, including attorneys' fees.

## COUNT TWO

### INADEQUATE TRAINING – MUNICIPAL LIABILITY (42 U.S.C. § 1983)

### (Against Defendant CULVER CITY, CULVER CITY CHIEF OF POLICE

### SCOTT BIXBY, and DOES 1-10)

55. The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

56. On and for some time prior to February 23,  2017 (and continuing to the present date), Defendants Culver City, Scott Bixby, and DOES 1 through 10 deprived Ms. Kiosea of the rights and liberties secured to her by the Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of: (a) employing and retaining as police officers and other personnel, including Hernandez, Brown and Vanhook, and DOES 1 through 10 who Defendants Culver City, Scott Bixby, and DOES 1 through 10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Culver City Police Department policies and constitutional mandates regarding unreasonable seizures; (b) condoning and fostering improper investigations and untruthful reporting by inadequately supervising, training, controlling, assigning, and disciplining Culver City Police Officers, and other personnel, including Hernandez, Brown and Vanhook, and DOES 1 through 10, who Culver City, Scott Bixby, and DOES 1 through 10 each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; (c) maintaining

grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Hernandez, Brown and Vanhook, and DOES 1 through 10, who are Culver City Police Officers; (d) failing to adequately train officers regarding improper investigations and untruthful reporting including Defendants Hernandez, Brown and Vanhook, and DOES 1 through 10, and failing to institute appropriate policies, including constitutional procedures and practices for proper reporting and investigations; and (e) following standards of conducted, report preparation, corrections, changes or alterations, policies and procedures, and anti-retaliation policies, which also is demonstrated by inadequate training and ratification of prior misconduct related to these subjects.

57. Defendants Culver City, Scott Bixby, and DOES 1 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such polices. Such defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of Plaintiff, and other individuals similarly situated.

58. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Culver City, Scott Bixby, and DOES 1 through 10 acted willfully, oppressively, maliciously, fraudulently, and with extreme offense, unconscionable to any person of normal sensibilities.

59. By reason of the aforementioned policies and practices of Defendants Culver City, Scott Bixby, and DOES 1 through 10, Plaintiff suffered serious injuries and other harm.

60. These policies, practices, and customs implemented and maintained, and still tolerated by

Culver City, Scott Bixby, and DOES 1 through 10, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

61. The conduct of Culver City, Scott Bixby, and DOES 1 through 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Ms. Kiosea's constitutional rights, entitling her to an award for exemplary and punitive damages.

## COUNT THREE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (State)

### (Against All Defendants)

62. The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

63. Defendants Hernandez, Brown, Vanhook and DOES 1-10's conduct as set forth above, was outrageous, malicious and reckless.

64. Defendants intended to cause Plaintiff injury and emotional distress and they each acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

65. On June 9, 2017, Plaintiff's former attorney Abraham Labbad sent a letter to Chief Bixby in which he informed him that the actions of Hernandez, Brown and Vanhook caused and continued to cause Plaintiff to suffer severe emotional distress. Further, Mr. Labbad sent several emails to Lieutenant Brown and Detective Hernandez informing them that their individual actions caused and continued to cause Plaintiff severe emotional distress. Ms. Kiosea spoke with Vanhook on the phone on several occasions requesting his assistance, yet he disregarded all of her requests.

66. Defendants Hernandez, Brown, Vanhook and DOES 1-10's conduct caused Plaintiff's severe emotional distress. Plaintiff's emotional distress includes but is not limited to unpleasant emotional reactions, including fright, shock, anxiety, nervousness, worry, horror, grief, humiliation,

embarrassment, indignity, apprehension, depression and fear.  Plaintiff suffered and suffers severe emotional distress where she is worried and anxious about her children being in the custody of her abuser, custody which was awarded to Ms. Kiosea's abuser in large part due to Detective Hernandez's intentionally false reports and lack of prosecution of her abuser, and Brown and Vanhook's blatant refusal to assist Ms. Kiosea.

67. Plaintiff suffered injuries, including but not limited to severe and sustained emotional distress to be proven at time of trial.

## COUNT FOUR

### NEGLIGENCE (State)

### (Against All Defendants)

68. The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

69. Defendants, and each of them, have a duty to protect and serve the citizens in a manner so as to prevent the acts and/or omissions alleged herein. Hernandez, Brown, Vanhook and DOES 1 through 10 owed Plaintiff a duty of due care to protect her health and safety.

70. Defendants were negligent and their conduct fell below a reasonable standard of care when they failed to protect the heath and safety of Plaintiff, a standard of care for conduct that should have constituted a thorough and honest investigation, the preparation of truthful reports, the making of corrections to intentionally false reports, the bringing of charges against Plaintiff's abuser, the reprimanding of officers who intentionally completed false reports and requested false charges against Plaintiff in retaliation, and the dismissal of the unfounded and false charges against Plaintiff.

71. It was foreseeable that as a result of Defendants' acts and omissions, as described above, Plaintiff would suffer harm resulting in her physical injuries and suffering.

72. Defendants' breach proximately caused injuries and damages to Plaintiff as claimed

herein. Defendants were negligent pursuant to California Government Code § 844.6(d).

73. California Government Code §844.6 (d) states in pertinent part:

"**Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission**. The public entity may but is not required to pay any judgment, compromise or settlement, or may but is not required to indemnify any public employee, in any case where the public entity is immune from liability under this section; except that the public entity shall pay, as provided in Article 4 (commencing with Section 825) of Chapter 1 of this part, any judgment based on a claim against a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state for malpractice arising from an act or omission in the scope of his employment, and shall pay any compromise or settlement of a claim or action, based on such malpractice, to which the public entity has agreed."

74. As a direct and proximate result of the Defendants' aforementioned conduct, Ms. Kiosea sets forth that the defendants are liable to her for all damages set forth herein.

## COUNT FIVE

### VIOLATION OF THE BANE ACT (State)

### (Against CULVER CITY, HERNANDEZ, BROWN, VANHOOK, AND DOES 1 through 10 – Cal. Civ. Code § 52.1)

75. The allegations set forth in paragraphs 1- are incorporated herein by reference.

76. Hernandez, Brown, Vanhook and DOES 1 through 10 intentionally interfered with or attempted to interfere with the rights of Ms. Kiosea's civil rights, freedom of speech, free expression, free assembly, and due process, by threatening and committing unlawful acts against

Plaintiff by threats, intimidation or coercion.

77. Hernandez, Brown and Vanhook acted maliciously towards Kiosea to prevent her from exercising her rights and retaliated against Kiosea for having exercised her rights.

78. Hernandez, Brown and Vanhook intimidated Kiosea to prevent her from exercising her rights and retaliated against Kiosea for having exercised her rights.

79. Hernandez, Brown and Vanhook engaged in the practice of persuading someone to do something using force or threats or coercion to prevent Kiosea from exercising her rights and retaliated against Kiosea for having exercised her rights.

80. Plaintiff reasonably believes that if she exercised her rights of free speech, free expression, free assembly, and due process, Hernandez, Brown, Vanhook and DOES 1 through 10 would commit unlawful and intimidating acts against her.

81. Hernandez, Brown, Vanhook and DOES 1 through 10 injured Ms. Kiosea in order to prevent her from exercising her free speech, free expression, free assembly, and due process, and retaliated against her for having exercised such.

82. The conduct of Hernandez, Brown, Vanhook and DOES 1 through 10 was a substantial factor in causing harm to Ms. Kiosea.

83. Culver City is vicariously liable for the wrongful acts Hernandez, Brown, Vanhook and DOES 1 through 10, pursuant to § 815.2 of the California Government Code which provides that a public entity is liable for the injuries cause by its employees within the scope of their employment if the employee's act(s) would subject him or her to liability.

84. The conduct of Hernandez, Brown, Vanhook and DOES 1 through 10 was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of Plaintiff, entitling her to an award of exemplary and punitive damages.

85. Ms. Kiosea seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

## COUNT SIX

### MALICIOUS PROSECUTION (State)

### (Against All Defendants – Cal. Civ. Code § 52.1)

86. The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

87. Defendants wrongfully caused a criminal proceeding to be brought against Ms. Kiosea.

88. Defendants acted with malice and were actively involved in causing Ms. Kiosea to be prosecuted or in causing the continuation of Ms. Kiosea's prosecution.

89. The criminal proceeding ended in Ms. Kiosea's favor.

90. No reasonable person in Defendants' circumstances would have believed that there were grounds for causing Ms. Kiosea to be prosecuted.

91. Defendants acted primarily for a purpose other than to bring Ms. Kiosea to justice;

92. The conduct of Defendants was a substantial factor in causing harm to Ms. Kiosea.

93. Ms. Kiosea seeks economic damages, general and punitive damages, along with reasonable attorney's fees.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

a.  For special and general damages, including loss of earnings, medical costs, and interest, in an amount according to proof;

b.  For punitive damages against the individual defendants in an amount to be proven at trial;

c.  For reasonable costs of this suit and attorneys' fees pursuant 42 U.S.C. § 1988; and

d.  For such further relief as the Court may deem just, proper, and appropriate.

Dated: May 31, 2019                           The Tehrani Law Firm,

                                              By:  ___/s/ Negar Tehrani___
                                              Attorney for Plaintiff:
                                              DOLLY KIOSEA